**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-10208
Summary Calendar

BRENDA F. AMOS,

Plaintiff-Appellant,

VERSUS

ESMOR MANSFIELD, INC. f/k/a/ ESMOR TEXAS, INC.,
RON KING, SKYLER BARKER and WILLIAMS KAESLER,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
(CA H 94 4309 (CR H 91 180 2))

(August 28, 1995)

Before GARWOOD, WIENER, and PARKER, Circuit Judges.

PER CURIAM[*]:

FACTS AND PROCEEDINGS BELOW

---

[*] Local Rule 47.5 provides:
"The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

Appellant brought this action pursuant to Title VII, 42 U.S.C. §§ 2000e, alleging that she was discharged by her employer in retaliation for her complaining about harassment, sexual harassment, and racism. The district court granted Appellees' motion for summary judgment. Appellant then filed a timely notice of appeal.

GROUNDS OF THE MOTION FOR SUMMARY JUDGMENT

Appellees' grounds for summary judgment ruled upon by the district court were as follows: (1) Appellant failed to timely file her charge of discrimination as required by 42 U.S.C. § 2000e-5(e); (2) because Appellant failed to include the individual defendants in her charge of discrimination, Title VII claims against them are now prohibited; and (3) Appellant is unable to overcome Appellees' articulated nondiscriminatory reasons for the discharge.

1. Timeliness of Appellant's Charge of Discrimination

Pursuant to 42 U.S.C. § 2000e-5(e), a complaining party must file a charge within 180 days of the alleged discrimination. In order to qualify for the 300-day period mentioned in the statute, the complaining party must institute proceedings with the state referral agency. *Blumberg v. HCA Management Co.*, 848 F.2d 642, 646 (5th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989). Appellant filed her charge with the Equal Employment Opportunity Commission, not with the Texas Commission on Human Rights. Moreover, Appellant failed to come forward with any summary judgment evidence that she did file her charge with the state agency. Therefore, Appellant

2

was required to file her charge within 180 days of the alleged discrimination. This she did not do. Summary judgment was appropriate on this basis.

2. Liability of Individual Defendants

Appellant is not entitled to proceed with Title VII claims against the individual defendants as they were not named in Appellant's charge of discrimination. 42 U.S.C. §2000e-5(f)(1); *Terrell v. United States Pipe & Foundry Co.*, 644 F.2d 1112, 1122 (5th Cir. Unit B May 1981), *vacated on other grounds sub nom. International Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Terrell*, 456 U.S. 955 (1982), *and cert. denied*, 456 U.S. 972 (1982); *Ajaz v. Continental Airlines*, 156 F.R.D. 145 (S.D. Tex. 1994). The district court correctly ruled that the individual defendants were entitled to summary judgment on this basis.

3. Overcoming Articulated Nondiscriminatory Reasons for Discharge

Appellees articulated legitimate, nondiscriminatory reasons for Appellant's discharge, including insubordination and poor work performance. Appellant failed to come forward with any summary judgment evidence to show that these reasons are pretextual. *See Hill v. K-Mart Corp.*, 699 F.2d 776, 779 (5th Cir. 1983). The district court correctly granted summary judgment on this basis.

Accordingly, the order of the district court is AFFIRMED.

3